IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN L. DOBRY,

    Plaintiff,

v.                                                                No. 21-cv-598 JCH/LF

GARY MARCIEL,
PAULA GANZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Civil Rights Complaint (Doc. 4) (Complaint). Also before the Court is his Motion for Issuance of Summons and Service of Complaint (Doc. 5). Plaintiff was previously incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. The Complaint alleges prison officials extracted DNA in violation of the Fourth Amendment. After reviewing the matter *sua sponte* under 28 U.S.C. § 1915(e)(2), the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND

Plaintiff was previously incarcerated at the Central New Mexico Correctional Facility (CNMCF). *See* Doc. 4 at 4. On June 22, 2018, an unidentified prison official took a sample of Plaintiff's DNA and entered it into a searchable database. *Id.* According to Plaintiff, such action is inconsistent with the New Mexico DNA Identification Act, N.M.S.A. § 26-16-1, et. seq. That statute permits the collection of DNA samples from felony offenders. *See* N.M.S.A. § 26-16-3. Plaintiff has two misdemeanor convictions for battery on a household member and one misdemeanor conviction for violating a restraining order that prohibits domestic violence. *See* M-

51-VM-2017-06; M-51-VM-2018-12; M-51-VM-2018-13.  Plaintiff alleges the improper collection of his DNA has the potential to incriminate him, which caused "psychological and mental stress."  *Id.* at 5.  He purportedly saw a trauma therapist and a psychiatrist as a result of being added to the DNA database.  *Id.*

The Complaint seeks at least $15 million in damages along with an order directing Defendants to expunge his DNA from the database.  The Complaint names New Mexico Corrections Department (NMCD) Director Gary Maciel and NMCD Deputy Counsel, Paula Ganz.  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall,* 935 F.2d at 1110.  While *pro*

*se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Said differently, a successful § 1983 plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Plaintiff's Complaint does not meet this standard, as NMCD Director Maciel and Attorney Ganz were not personally involved in procuring his DNA sample. The Complaint also fails to allege specific facts showing the DNA was collected pursuant to an official policy or custom established by those Defendants, which is necessary to establish supervisory liability under § 1983. *See Cox v. Glanz*, 800 F.3d 1231, 1248 n.9 (10th Cir. 2015) (A § 1983 plaintiff can only impose "liability upon a defendant-supervisor who creates, promulgates, or implements a policy which

subjects, or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution."). Moreover, to the extent Maciel is named in his official capacity, those claims are claims against the State of New Mexico. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989). The State is not a "person" within the meaning of 42 U.S.C. § 1983, and plaintiffs cannot collect damages from the State under § 1983. *Id.* at 63-64.

For these reasons, the Court will dismiss the Complaint for failure to state a cognizable § 1983 claim.[1] Plaintiff's Motion for Issuance of Summons and Service of Complaint (Doc. 5) will also be denied as moot and without prejudice. The Tenth Circuit counsels that *pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will permit Plaintiff to amend his complaint within thirty (30) days of entry of this Order. Plaintiff is notified that, once the Court has a greater understanding of his claims, it may still abstain from exercising jurisdiction because he has a preexisting, identical action pending before the New Mexico state court. *See Dobry v. New Mexico Department of Corrections, et. al,* D-1314-CV-2019-00689 (filed in 2019). The pendency of a state court action is not necessarily a "bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (quotations omitted). Courts may dismiss the federal suit, however, where a litigant filed a state action years before proceeding to federal court; state law provides the rule of decision on the merits; and judicial

---

[1] It does not appear Plaintiff intended to raise a separate claim under the New Mexico DNA Identification Act, N.M.S.A. § 26-16-1, *et. seq*. To the extent he seeks such relief, the statute does not create a private right of action for damages, and any expungement action outside the perimeters of § 1983 must be brought in state court.

economy is necessary to avoid piecemeal litigation. *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013). The Court reserves ruling on whether abstention is appropriate but may revisit the issue at a later time.

If Plaintiff declines to timely file an amended complaint or files another complaint that fails to state a cognizable federal claim, the Court will dismiss this action without prejudice, and Plaintiff may continue to pursue this matter in state court.

**IT IS ORDERED** that Plaintiff's Motion for Issuance of Summons and Service of Complaint (**Doc. 5**) is **DENIED** as moot and without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Civil Rights Complaint (**Doc. 4**) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
SENIOR UNITED STATES DISTRICT JUDGE