**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BRIAN L. DOBRY,

     Plaintiff,

v.                                            No. 21-cv-0598 JCH-LF

MICHAEL CHAVEZ, *et al*,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

     This matter is before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint (Doc. 10) (Amended Complaint).   Plaintiff was previously incarcerated and is proceeding *in forma pauperis*.   He alleges a prison official took a sample of his DNA and entered it into a searchable database.   *See* Doc. 10 at 1.   Construing the pleadings liberally, Plaintiff believes the sample was taken without due process and is inconsistent with the New Mexico DNA Identification Act, N.M.S.A. § 26-16-1, et. seq.   That statute permits the collection of DNA samples from felony offenders.   *See* N.M.S.A. § 26-16-3.   Plaintiff has two misdemeanor convictions for battery on a household member and one misdemeanor conviction for violating a restraining order that prohibits domestic violence.   *See* M-51-VM-2017-06; M-51-VM-2018-12; M-51-VM-2018-13.   Plaintiff alleges the improper collection of his DNA has the potential to incriminate him, which caused stress, anguish, and post-traumatic stress disorder.

     These facts, accepted as true, would ordinarily survive review and warrant further investigation under 28 U.S.C. § 1915(e).   However, the prior complaint (Doc. 4) did not name the individual(s) who were personally involved in the alleged wrongdoing.   By a Memorandum Opinion and Order entered May 10, 2022, the Court directed Plaintiff to file an amended complaint curing the pleading deficiencies.   *See* Doc. 6.   Plaintiff timely filed the Amended Complaint,

which seeks damages under 42 U.S.C. § 1983 and for defamation.  *See* Doc. 10 at 1.  Like the prior complaint, and construed liberally, the Amended Complaint may also seek an injunction to expunge his DNA from the tracking system.   The Amended Complaint names three Defendants: (1) Michael Chavez, the intake officer who collected Plaintiff's DNA at the Central New Mexico Correctional Facility (CNMCF); (2) Paula Ganz, legal counsel for New Mexico Corrections Department (NMCD); and (3) Alisha Tafoya Lucero, Secretary of Corrections.   The Court will mail Defendant Chavez a copy of the Amended Complaint along with Notice and Waiver of Service Forms at the public address for CNMCF.  *See* Fed. R. Civ. P. 4(c)(3) (plaintiffs who obtain leave to proceed *in forma pauperis* are entitled to court-supplied service); https://www.cd.nm.gov/divisions/adult-prison/nmcd-prison-facilities/.   If the first attempt at service fails for any Defendant, Plaintiff may be ordered to provide a more current address.  *See Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013).

As to Defendant Ganz, there is no indication she was involved in the incorrect DNA collection, either directly or by failing to adopt/enforce policies to prevent such an error.   The Amended Complaint only alleges Ganz sent a letter to the New Mexico DNA Identification System citing the unauthorized collection of Plaintiff's DNA and requesting expungement.   These circumstances fail to demonstrate unconstitutional conduct, defamatory actions, or any other legal violation.   The Court will therefore dismiss the claims against Defendant Ganz.

The claims against Secretary Alisha Tafoya Lucero present a closer call.   "The Eleventh Amendment bars suits in federal court against states, and against state officers in their official capacities for money damages." *Florez v. Johnson*, 63 Fed. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).   However, it does not "prohibit suits against

2

state officials for prospective injunctive relief." *Id.*   The Amended Complaint may be liberally construed to seek equitable relief, as Plaintiff's main goal since case commencement has been to remove information from the DNA database.   Tafoya Lucero is also more likely than the other Defendants to have authority to effectuate relief in settlement or following a judgment.   The Court therefore declines to dismiss any claims against Tafoya Lucero at this stage.   The Court will mail Defendant Tafoya Lucero a copy of the Amended Complaint along with Notice and Waiver of Service Forms at the public address for the Secretary of Corrections.   *See* https://www.cd.nm.gov/about-us/office-of-the-secretary/.

Having determined certain claims will survive review, the Court refer this case to Hon. Laura Fashing for a *Martinez* investigation, if appropriate.   A *Martinez* report is "a court-authorized investigation and report" used in *pro se* prisoner cases to evaluate the "factual or legal bases for [the] claims."   *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).   The *Martinez* report is used in a variety of procedural situations, most commonly in deciding an accompanying motion for summary judgment.   *Id.* at 1111 ("A *Martinez* report is treated like an affidavit," and plaintiff may present conflicting evidence).   While Defendants are not prohibited from filing a motion to dismiss under Fed. R. Civ. P. 12(b), the Court has discretion to review the *Martinez* report and evidence before making a dispositive ruling.   Most *pro se* prisoner cases are resolved on summary judgment in that manner.

**IT IS ORDERED** that all claims in Plaintiff's Amended Civil Rights Complaint (**Doc. 10**) against Paula Ganz are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order and the Amended Complaint (**Doc. 10**) to

Defendants Michael Chavez and Alisha Tafoya Lucero at the following addresses:

    Michael Chavez, Intake Officer at CNMCF
    P.O. Drawer 1328
    1525 Morris Road,
    Los Lunas, New Mexico 87031

    Alisha Tafoya Lucero
    P.O. Box 27116
    Santa Fe NM 87502

**IT IS FINALLY ORDERED** that if any Defendant receives the notice but declines to waive personal service, the Court will order service by the U.S. Marshal but may impose costs or fees pursuant to Fed. R. Civ. P. 4(d)(2).


_____
SENIOR UNITED STATES DISTRICT JUDGE