IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN L. DOBRY

    Plaintiff,

v.                                                           2:21-cv-00598-JCH-LF

ALISHA TAFOYA LUCERO,
and MICHAEL CHAVEZ,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendants Alisha Tafoya Lucero and Michael Chavez's Motion to Dismiss, filed April 13, 2023. Doc. 17.[1] Plaintiff Brian L. Dobry did not file a response. Accordingly, defendants filed a notice of completion of briefing on September 13, 2023. Doc. 19. District Judge Judith C. Herrera referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 12. Having read the motion and the relevant law, the Court finds that the motion is well taken and recommends that the Court GRANT it.

### I. Background Facts[2] and Procedural Posture

On June 21, 2018, Mr. Dobry pled guilty to two counts of battery on a household member. Doc. 10 at 1, 3. In New Mexico, whoever commits battery against a household

---

[1] On April 20, 2023, defendants filed a notice of errata correcting the caption on their motion. Doc. 18. Defendants made no other changes. *Id.*

[2] The facts are derived from the allegations contained in Mr. Dobry's second amended complaint (Doc. 10) which are taken as true for the purposes of the motion to dismiss, *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019), as well as the exhibits attached to the

member is guilty of a misdemeanor.  N.M. STAT. ANN. § 30-3-15(B) (1978).  That same day, Sierra County Magistrate Court Judge Alan Brown sentenced Mr. Dobry to serve 364 days in a New Mexico state prison.  Doc. 10 at 1–4.  Mr. Dobry was transported to the Central New Mexico Correctional Facility.  *Id.* at 8–9, 11.  On June 22, 2018, during the booking process, intake officer Michael Chavez took a DNA sample from Mr. Dobry.  *Id*. at 1, 14.  In taking the DNA sample, Officer Chavez violated the New Mexico DNA Identification Act because Mr. Dobry was not a "covered offender."[3]  *Id*. at 1.  Mr. Dobry's DNA was then entered into a statewide database.  *Id*.

On June 29, 2021, Mr. Dobry initiated this lawsuit alleging a violation of his civil rights "by unlawfully taking his DNA."  Doc. 1 at 1.  This Court ordered Mr. Dobry to cure certain deficiencies in his complaint.  Doc. 3.  Mr. Dobry filed an amended complaint on July 27, 2021.

---

second amended complaint (Doc. 10 at 3–24).  *See Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1046 (D.N.M. 2020) (noting that the Court may consider, when addressing a rule 12(b)(6) motion, (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice).

[3] As used in the DNA Identification Act:

> C. "covered offender" means any person:
>
> (1) convicted of a felony offense as an adult pursuant to state, federal or military law;
>
> (2) convicted as an adult pursuant to youthful offender or serious youthful offender proceedings under the Children's Code[ ] or pursuant to comparable or equivalent proceedings under state, federal or military law; or
>
> (3) required to register as a sex offender pursuant to the provisions of the Sex Offender Registration and Notification Act.

N.M. STAT. ANN. § 29-16-3(C) (1978).  Because Mr. Dobry was convicted of a misdemeanor, he was not a "covered offender" under the DNA Identification Act.

2

Doc. 4.  On May 10, 2022, Judge Herrera dismissed Mr. Dobry's amended complaint without prejudice for failure to state a claim and granted Mr. Dobry leave to file a second amended complaint.  Doc. 6.

Mr. Dobry filed his second amended complaint on July 15, 2022.  Doc. 10.  In his second amended complaint, Mr. Dobry alleges that the New Mexico Department of Corrections violated his Fourth Amendment right against illegal searches and seizures and defamed his character.  *Id*.  He alleges that he suffered stress, anguish, PTSD, and flashbacks, and he seeks both punitive and compensatory damages.  *Id.*  Mr. Dobry brings claims under federal law for a violation of his Fourth Amendment rights, and under New Mexico tort law for defamation.

## II.  Legal Standard

Defendants moved to dismiss Mr. Dobry's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Doc. 18 at 4.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff.  *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).  However, a Court must "disregard conclusory statements and look only to whether the remaining[ ] factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  Although a complaint need not contain "detailed factual allegations," it must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, if factual allegations in a complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (internal citation and quotations omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citation omitted).

  The Court will liberally construe a pro se plaintiff's pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Thus, if the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. The Court will not, however, "assume the role of advocate for the pro se litigant." *Id.*

  A Rule 12(b)(6) motion is generally decided on the face of the pleadings themselves, and consideration of matters outside the pleadings generally converts a Rule 12(b)(6) motion into a motion for summary judgment. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005). However, the Tenth Circuit has recognized that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal*, 453 F.3d at 1264-65 n.24. "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017); *see also Hernandez*, 499 F. Supp. 3d at 1046 (noting that the Court may consider, when addressing a

rule 12(b)(6) motion, (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice).

### III. Discussion

#### A. Mr. Dobry's Fourth Amendment Claim

The defendants contend that Mr. Dobry's claims are barred by the statute of limitations. The statute of limitations is an affirmative defense that must be raised by the defendant. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). Typically, the parties must develop the facts that support dismissing a case based on the statute of limitations. *Id*. "But a statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (internal quotations and citation omitted). Furthermore, "if the dates on which the pertinent acts occurred are not in dispute, then the date a statute of limitations accrues is a question of law suitable for resolution at the motion to dismiss stage." *Id*.

A plaintiff cannot sue for damages directly pursuant to the articles and amendments of the U.S. Constitution, but instead must bring any claim for damages based on a constitutional violation under 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *May v. Bd. of County Commissioners of Dona Ana County*, 426 F. Supp. 3d 1013, 1017–18 (D.N.M. 2019) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

> and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create any substantive rights, but merely provides the mechanism for the enforcement of existing constitutional and federal statutory rights. *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002). To assert a claim under § 1983, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by a federal statute or regulation, (2) that was proximately caused (3) by the conduct of a "person" (4) who acted under color of any state statute, ordinance, regulation, custom, or usage. *Summum v. City of Ogden*, 297 F.3d 995, 1000–01 (10th Cir. 2002).

"Congress did not provide a statute of limitations for actions brought under § 1983." *Herrera*, 32 F.4th at 989. The statute of limitations for claims under § 1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Id*. New Mexico provides for a three-year limitations period for claims for personal injuries. N.M. STAT. ANN. § 37-1-8 (1978). Accordingly, the statute of limitations period for § 1983 claims is three years. *Herrera*, 32 F.4th at 989.

"Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). In other words, § 1983 "claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Kripp*, 466 F.3d at 1175. As Judge Browning has explained:

> A § 1983 action accrues when facts that would support the cause of action are or should be apparent. In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has

6

> reason to know of the existence and cause of the injury which is the basis of his action. The focus is on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief.

*Mata v. Anderson*, 685 F. Supp. 2d 1223, 1262 (D.N.M. 2010) (internal quotations and citations omitted).

In this case, the dates given in the complaint make clear that Mr. Dobry's right to sue under § 1983 has been extinguished. Mr. Dobry knew of facts that gave rise to his civil rights claim on June 22, 2018, when Officer Chavez took a swab of his DNA during booking. *See* Doc. 10 at 14. That is when Mr. Dobry knew of the "injury" that gave rise to his claim. Accordingly, Mr. Dobry had three years from that date—through June 22, 2021—to file his claim for a violation of his Fourth Amendment right to be free from an unreasonable search and seizure pursuant to § 1983. Mr. Dobry filed his complaint in this Court on June 29, 2021, seven days after the statute of limitations had run. Mr. Dobry's § 1983 claim is untimely. I therefore recommend that the Court dismiss this claim with prejudice.

    B. <u>The Court Should Decline to Exercise Supplemental Jurisdiction over Mr. Dobry's Defamation Claim</u>.

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1367(a). Federal courts may exercise pendent jurisdiction over state

law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

"When all federal claims have been dismissed, [however,] the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)).  The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726.  A district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction.'" *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011).  District courts usually should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies.  *See Armijo v. New Mexico*, 2009 WL 3672828, at *4 (D.N.M. 2009) (unpublished) ("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").

Mr. Dobry alleges that the department of corrections defamed his character.  This claim arises under New Mexico law rather than federal law.  Under New Mexico law,

> a prima-facie case for the tort of defamation includes: (1) a published communication by the defendant; (2) the communication includes an asserted statement of fact; (3) the communication was concerning the plaintiff; (4) the statement of fact is false; (5) the communication was defamatory; (6) the persons receiving the communication understood it to be defamatory; (7) the defendant knew the communication was false or negligently failed to recognize that it was false, or acted with malice; (8) the communication caused actual injury to the plaintiff's reputation; and (9) the defendant abused its privilege to publish the communication.

*Young v. Wilham*, 2017-NMCA-087, ¶ 55, 406 P.3d 988, 1007.  "The statute of limitations for a defamation claim is three years and begins running at the point of publication." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 8, 145 N.M. 533, 536, 202 P.3d 126, 129; *see also*, N.M. STAT. ANN. § 37–1–8 (1978) (providing a three-year statute of limitations for actions based on an injury to a person's reputation).

Mr. Dobry alleges that his DNA sample was entered into a statewide database.  Doc. 10 at 1; *see also* Doc. 10 at 18 ("Mr. Dobry's DNA sample was collected and forwarded to NM-DIS.").  The Court presumes that entering the DNA into the statewide database could constitute "publication" for the purposes of determining when the statute of limitations accrues.  Mr. Dobry's second amended complaint, however, does not state when his DNA sample was entered into the statewide database.  It is unclear when Mr. Dobry's defamation claim accrued and whether the claim is barred by the three-year statute of limitations.

However, because I recommend that the Court dismiss Mr. Dobry's § 1983 claim, I also recommend that the Court decline to exercise supplemental jurisdiction over his state law defamation claim.  Instead, the Court should dismiss Mr. Dobry's defamation claim without prejudice.  The dismissal should not prejudice Mr. Dobry given that "[t]he [state] period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed . . . ." 28 U.S.C. § 1367(d); *see also Gathman-Matotan Architects and Planners, Inc. v. State, Dept. of Finance and Admin., Property Control Div.*, 1990-NMSC-013, ¶10, 109 N.M. 492, 494, 787 P.2d 411, 413 ("the Court in *Bracken [v. Yates Petroleum Corp*.] clearly applied the principle that . . . the filing of an action later dismissed without prejudice for reasons such as . . . a federal court's discretionary refusal to entertain pendent jurisdiction tolls the statute of limitations

applicable to the claim") (citing *Bracken v. Yates Petroleum Corp.*, 1988-NMSC-072, ¶¶ 9–13, 107 N.M. 463, 465–66, 760 P.2d 155, 157–58).  In other words, if Mr. Dobry's defamation claim is viable, he will have the opportunity to pursue that claim in state court, if he chooses.

### IV.     Conclusion

For the foregoing reasons, the Court should dismiss Mr. Dobry's § 1983 claim with prejudice because it is barred by the statute of limitations.  The Court should decline to exercise supplemental jurisdiction over Mr. Dobry's defamation claim and dismiss that claim without prejudice.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id***.  In other words, if no objections are filed, no appellate review will be allowed.**

---

_____
Laura Fashing
United States Magistrate Judge